**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

WEC 98C-4 LLC,

               **Plaintiff,**

      **v.**

SAKS INCORPORATED,

            **Defendants.**

**Case No. 20 C 4363**

**Judge Harry D. Leinenweber**

## MEMORANDUM OPINION AND ORDER

The Plaintiff, WEC-4 LLC ("WEC"), has moved for summary judgement against Defendant, Saks Incorporated ("Saks") on the issue of damages. (Dkt. No. 65.) This case involves the claim of WEC, the former landlord of a Saks subsidiary, CPS Stores ("CPS"), for consequential damages resulting from the failure of Saks to honor its corporate guaranty of CPS's rent under a lease at a shopping mall in Riverside, Illinois.

This Court previously laid out the facts leading to this dispute in its November 11, 2021, opinion granting Plaintiff-Intervenor's motion for summary judgment. (Dkt. No. 63.) As a result, the Court will only provide the relevant facts in this opinion.

WEC purchased the shopping center in 1998 with a mortgage loan from the intervenor, TOCU. (Assumption and Modification

Agreement, Donahue Aff., Ex. 5, Dkt. No. 43-8.) At the same time, it was assigned the original Lease which was then amended with The Second Amendment to Lease, dated August 5, 1998. (Mortg. Contract, Donahue Aff., Ex. 3, Dkt. No. 43-6.) In August 1998, Saks executed the corporate guaranty covering the Carson lease that has been the subject of numerous court rulings in this case. (Def.'s Resp. to Intervenor Pl.'s Stmt. of Facts ("DSOF") ¶ 24 Dkt. No. 51.) The Court will not go into any details over the Guaranty's terms other than to state that, based on a Guarantor Estoppel certificate issued by Saks, WEC was assured that the Guaranty was in "full force and effect" at that the lease was executed. (*Id.* ¶ 32.)

Less than a year later, Carson's immediate parent company, Bon Ton Stores, filed for bankruptcy protection, and Carson's discontinued paying rent and rejected the lease. (*Id.* ¶¶ 33, 36–37.) Pursuant to the Guaranty WEC notified Saks of Carson's default and demanded Saks honor the Guaranty.(*Id.* ¶ 34.) Ultimately, TOCU commenced foreclosure proceedings against WEC in 2018. (*Id.* ¶ 39.)

In July 2020, WEC sued Saks under the Guaranty in this Court and TOCU was subsequently allowed to intervene based on its mortgage with WEC. (Dkt. Nos. 1, 22.) The Court subsequently granted summary judgment to TOCU on the issue of Saks' liability under the Guaranty. (Dkt. No. 63.) WEC has now moved for summary judgment on the issue of consequential damages and attorneys' fees

under the Guaranty. However, WEC has not moved for summary judgment on the issue of liability under the Guaranty. This does not pose an issue because WEC is also a party to the Saks Guaranty.

The issue of consequential damages and attorneys' fees is also not a problem because the lease specifically provides for them in the event of a default in lease payments. The lease specifically provides that Lessee shall be obligated to pay "All costs and expenses incurred by or on behalf of Landlord, including, without limitation, reasonable attorneys' fees and expenses, occasioned by any default by Tenant under this Lease which shall constitute additional rent hereunder." (Second Amend. Lease at p. 9, Compl. Ex. 3, Dkt. No. 1-1.) In addition, the Guaranty also provides that the Guarantor shall be responsible to "pay to Landlord all damages and all costs and expenses that may arise in consequence of any default by guarantor hereunder (including, without limitation, all reasonable attorneys' fees incurred by Landlord or caused by any such default and/or by the enforcement of this Guaranty." (Guaranty at p. 2, Compl. Ex. 4, Dkt. No. 1-1.)

WEC claims that it is entitled to consequential damages for lost value of the property. Saks claims that such damages are not allowed because they were not foreseeable at the time of the execution of the Guaranty, which it claims is the test for

consequential damages in the Seventh Circuit, citing *Rexnord v. DeWolff Boberg and Associates, Inc.*, 286 F.3d 1001, 1004 (7th Cir. 2002).

The Court disagrees. The lease agreement between WEC and Saks' subsidiary specifically provides for damages to WEC upon termination of the Lease prior to expiration. Paragraph 2.27 of Second Amendment to Lease between WEC and CPS Department Stores, Inc., effective August 5, 1998, entitled "Survival of Tenant's obligations: Damages," appears to provide the measure of damages to which WEC is entitled in the event of the termination of the lease by the landlord. (Second Amend. Lease at p. 10.)

Paragraph 24.3 reads as follows:

> 24.3  <u>Damages – Termination of Lease.</u> In the event of the termination of this Lease by Landlord as provided in section 20, Landlord shall be entitled to recover from Tenant all of the Basic Rent, additional rent and other sums to be paid by Tenant under this Lease accrued and unpaid for the period up to such termination date, as well as all other additional sums payable by the Tenant, or for which Tenant is liable or in respect of which Tenant has agreed to indemnify Landlord under any of the provisions of this Lease which may be then owing and unpaid for the period up to such termination date, and all costs and expenses, including court costs and attorneys' fees incurred by Landlord in the enforcement of its rights and remedies hereunder, *and in addition Landlord shall be entitled to recover as liquidated and final damages for loss of the bargain and not as a penalty the aggregate sum which at the time of such termination represents the excess, if any, of the then present value of the Basic Rent,*

*additional rent and other sums to be paid by Tenant under this Lease for the remainder of the Demised Term (determined as if this Lease had not been terminated), over the then present value of the then aggregate fair rental value of the Demised Premises for the balance of the Demised Term (determined as if this Lease had not been terminated), such present value to be computed in each case on the basis of a per annum discount at seven and sixteen one-hundredths percent (7.16%) from the respective dates upon which such amounts would have been payable hereunder had this Lease not been terminated.*

*If any statute or rule of law shall validly limit the amount of such liquidated final damages to less than the amount above agreed upon, Landlord shall be entitled to the maximum amount of such damages allowable under such statute or rule of law.*
emphasis added) (*Id.* at pp. 9—10.)

Therefore, the Court finds that the damages were foreseeable here.

Saks claims it needs discovery to figure out the appropriate damage calculations and has moved pursuant to Rule 56(d) for such discovery. (Dkt. No. 73.) The Court has previously granted Saks Rule 56(d) discovery for TOCU's damage claim, and the Court now grants Saks sixty (60) days to complete discovery on WEC's Summary Judgment Motion.

WEC's Motion for Summary Judgment on consequential damages (Dkt. No. 65) is granted. Saks' Motion for Discovery (Dkt. No. 73) is also granted. The parties shall have sixty (60) days to complete

damages discovery. Telephonic status hearing is set for 10/19/22 at 9:15 a.m.

**IT IS SO ORDERED.**

_____
    Harry D. Leinenweber, Judge
    United States District Court

Dated: 8/9/2022